*July,* 1826.

Ramsey *against* Johnson.

Payee joins in the note as security ; action at law cannot be sustained on it vs. either principal or security.

IN the Circuit Court of *Washington* County, *James Ramsey* declared in assumpsit against *John Johnson,* on a promissory note payable to *George Steed,* and by him assigned to the plaintiff ; to which defendant plead,

1st, The general issue,

2d, That *George Steed,* the payee, made and signed the note jointly with the defendant.

Demurrer and joinder to the second plea. The Circuit Court overruled the demurrer, and rendered judgment for the defendant ; and *Ramsey* prosecuted a writ of Error to this Court.

Judge *Taylor* delivered the opinion of the Court.

The question here is, Did the Court err in overruling the demurrer ? This point was decided by this Court in the case of *Tindall* against *Bright.*(a) But as that case was decided without argument, we do not regard its authority farther than upon consideration it may be sustained by rea-

(a) *Ante,* 103.

son and precedent. In the opinion given by the Court in that case, English authorities are referred to as sustaining the decision. It is now contended that these cases, if scrutinized, will appear not applicable to the case of *Tindall* against *Bright*, and are fairly distinguished from the case at bar. It is true, the cases cited in *Tindall* against *Bright* are cases of joint obligations and contracts, and the note here is joint and several. Ought this distinction to produce a different decision ? It is contended in the argument, that a bond or note of a man to himself is void, a mere nullity ; and therefore this note is to be viewed as if *Steed* had never signed it, as without his signature *Johnson* would certainly have been bound. That the reason of the English doctrine is, that all the joint obligors or promissors must be joined in the action ; all must be bound, or none ; and as the obligee or payee could not be bound by such instrument, none of his co-obligors or joint makers can be.

It seems to me that this argument involves something like a contradiction. If the signature of the payee to such joint note is a mere nullity, it would be viewed as surplusage, and would leave the remedy against the other joint makers unaffected. This, then, cannot be the true reason for the English decisions. If a judgment is recovered against joint obligors or makers, and satisfied by one of them, he has his remedy against the others for their proportions. This remedy is not affected by our Statute making joint obligations, &c. joint and several. If then a recovery could be had against all the joint obligors or makers where the obligee or payee is one of them, the whole amount might be made out of the property of the payee to be paid to himself ; and it would be necessary for him to proceed separately against the others for their respective proportions, or the whole amount might be made out of any one of the others ; and thus *he* might be compelled to resort to his action against the man who had recovered of him, in order to get back again a part of that which had just before been recovered. This could not be tolerated ; and this is one reason why a recovery cannot be had on such obligation. But, in addition to this, when one or more persons *enter into a note to* pay another money, it is considered that the payee has parted from the whole consideration ; and although each of the payors is presumed to have received only his proportion of it, they are securities for each other, and the payee may recover the whole amount from any one of them, leaving them to arrange the proportions among themselves. But when the payee or obligee is one of them, can it be presumed that he has parted from the whole consideration ?

JULY, 1826.

Ramsey
v.
Johnson.

This would be to presume, that, as one of the joint makers or obligors, he had received a part of what he had parted with ; that he had taken it out of one pocket and put it into the other. To consider the obligation a nullity as to him, and obligatory on the others for the whole amount, would be saying that he should recover that for which, according to his own shewing, he had paid nothing. It is certainly much better and more just to consider the whole note as void, and leave the party to proceed in a different action for the value of the consideration which he has paid, than to give validity to an instrument in this situation. This doctrine seems to be sustained by all the authorities.

Let the judgment be affirmed.

The Chief Justice not sitting.